UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD RANDOLPH,
    PETITIONER,

v.

LUIS SPENCER,
    RESPONDENT

CIVIL ACTION
NO. 04-10136-DPW

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of Luis Spencer's ("the respondent") Motion to Dismiss the habeas corpus petition filed by Richard Randolph ("the petitioner") on the ground that it is time-barred under 28 U.S.C. §2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

## PRIOR PROCEEDINGS

On September 13, 1984, a Suffolk County, Massachusetts, grand jury indicted the petitioner on one count of murder in the first degree, one count of armed assault in a dwelling with intent to commit a felony therein, and assault and battery by means of a dangerous weapon. Following a trial before Superior Court Judge Alberti and a jury, the petitioner was convicted of deliberately premeditated first degree murder as well as the other offenses on December 10, 1986. *See* Docket Entries attached hereto. Thereafter, the petitioner was sentenced to a term in state prison for and during the term of his natural life for the murder conviction; ten to twelve years on

---

[1] Since it is clear from the face of the petition, and the state court docket sheets attached hereto, that it is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

-3-

the armed assault in a dwelling conviction; and eight to ten years on the assault and battery by means of a dangerous weapon conviction. *Id.* The sentences on the latter conviction were to be served concurrently. *Id.*

Nearly three years later, on July 12, 1989, the petitioner filed his first motion for new trial pursuant to Mass. R. Crim. P. 30. *Id.* The trial judge denied the motion in a written decision on August 7, 1991. Id. After conducting full plenary review under G.L. c. 278, § 33E, the Supreme Judicial Court ("SJC") affirmed the petitioner's convictions and affirmed the denial of his Rule 30 motion on June 1, 1993. See *Commonwealth v. Randolph*, 415 Mass. 364, 613 N.E.2d 899 (1993).

Over six years later, on January 30, 2000, the petitioner filed his second motion for new trial. See attached docket sheets. On August 10, 2000, the motion was denied by a different Superior Court judge, Spurlock, J. *Id.* On February 7, 2001, the petitioner filed a petition for leave to appeal the denial of his second motion for new trial, which a Single Justice of the SJC partially allowed on July 13, 2001. *Id.* On December 19, 2002, the SJC again affirmed the petitioner's conviction. *Commonwealth v. Randolph*, 438 Mass. 290, 780 N.E.2d 58 (2002). The petitioner filed the instant petition in this Court on December 12, 2003.

-4-

## **ARGUMENT**

**I.   THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. §2244(d), as amended by the AEDPA,

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petition at issue in this case was filed on December 12, 2003. For purposes of the AEDPA, enacted on April 24, 1996, the petitioner's conviction became final on September 1, 1993, after the Massachusetts Supreme Judicial Court affirmed his conviction on direct review and the 90-day period in which *certiorari* could have been sought by him expired. In cases where a conviction became final before the passage of the AEDPA, i.e., before April 24, 1996, petitioners were given a one-year grace period to file a habeas corpus petition. *Gaskins v. Duval*, 183 F. 3d 8, 9 (1st Cir. 1999). *See Rogers v. United States*, 180 F. 3d 349, 351-352 (1st Cir. 1999), *cert denied*, ---- U.S.----, 120 S. Ct. 958 (2000); *Libby v. Magnuson*, 177 F. 3d 43, 45 (1st Cir. 1999).

-5-

That grace period elapsed on April 24, 1997, and the petitioner's habeas petition, filed approximately six years later, is time-barred under 28 U.S.C. § 2244(d)(1).

With this petitioner, there are no circumstances present to invoke the triggering provisions of §§2244(d)(1)(B)-(D). Moreover, the fact that the one year period may be tolled under the provisions of 28 U.S.C.§2244(d)(2) is no aid to this petitioner. Here, the petitioner's post-conviction, post-AEDPA filing in State court, *i.e.*, his second motion for new trial, was not filed until January of 2000, approximately two and one-half years after the grace period had run. Where that time period had run for this petitioner, there was nothing left to toll. The petition is, therefore, time-barred. *See Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (filing of state post-conviction motion stops, but does not "reset" the limitation period). The petition must be dismissed.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

>                Respectfully submitted,
>                THOMAS F. REILLY
>                Attorney General
>
>                _____
>                Dean A. Mazzone, BBO # 640866
>                Assistant Attorney General
>                Criminal Bureau
>                One Ashburton Place
>                Boston, Massachusetts 02108
>                (617) 727-2200, ext. 2852

Date: April 23, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on the petitioner's counsel, addressed as follows: Robert J. Wheeler, Jr., Wheeler & O'Brien, P.C., 160 State Street, 8th Floor, Boston, MA 02109, by first class mail, postage prepaid, on April 23, 2004.

Dean A. Mazzone, BBO # 640866
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852