```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


RICHARD RANDOLPH              )
     Petitioner,              )    CIVIL ACTION NO.
                              )    04-10136-DPW
     v.                       )
                              )
                              )
LUIS SPENCER,                 )
     Respondent.              )
```

## MEMORANDUM AND ORDER
July 7, 2004

In December 1986, Richard Randolph, the petitioner in this habeas corpus proceeding under 28 U.S.C. § 2254 was convicted in state court, <u>inter alia</u>, of first degree murder. His conviction was affirmed on direct appeal by the Massachusetts Supreme Judicial Court about five and one-half years later, <u>Commonwealth v. Randolph</u>, 415 Mass. 364 (1993). Over a decade later he filed his petition in this court. The respondent has moved to dismiss the petition as time barred. Despite the passage of a substantial period of time since the filing of the motion to dismiss, Randolph has filed no opposition. After independent review of the record, I find the motion well founded.

Under the one-year judicial grace period adopted by the First Circuit, <u>see</u> <u>Lattimore v. DuBois</u>, 311 F.3d 46, 53 (1st Cir. 2002), <u>cert. denied</u>, 538 U.S. 966 (2003); <u>Gaskins v. Duval</u>, 183 F.3d 8, 9 (1st Cir. 1999), following the enactment of the one-year limitation period for habeas corpus petitions by state prisoners through the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(d)(1), a petitioner

such as Randolph, whose conviction became final for AEDPA purposes before AEDPA's enactment, had until April 24, 1997 to file a habeas corpus petition in federal court.  Randolph did not do so.  His filing of a state collateral attack proceeding over two and one-half years later in January 2000 was too late to toll the AEDPA limitation period and no grounds appear to toll the limitation period equitably.  See generally Neverson v. Farquharson, 366 F.2d 32, 42-43 (1st Cir. 2004).

    The Clerk is directed to dismiss this petition.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE