RECEIVED
Clerk's Office
USDC, Mass.
Date 7-19-04
By _____ CUG
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD RANDOLPH, )
    Petitioner )
                    )          CIVIL ACTION NO.
    v.           )          04-10136-DPW
                    )
LUIS SPENCER, )
    Respondent. )

## MOTION TO VACATE ORDER OF DISMISSAL
## AND FOR RECONSIDERATION OF HABEAS CORPUS PETITION

Now comes Richard Randolph, petitioner for Habeas
Corpus relief, and respectfully moves this Honorable Court
to reconsider his petition and vacate the Order of
Dismissal entered on July 7, 2004.

In support of his motion, petitioner states that his
original petition recognized the AEDPA one-year limitation
period and included grounds upon which equitable tolling of
the limitation should be granted. The denial of equitable
tolling in the present case results in petitioner's
inability to obtain review of substantial grounds for
Habeas Corpus relief under circumstances where he is
serving a life sentence without the possibility of parole.

In <u>Neverson v. Farquharson</u>, 366 F.3rd 32, 41 (May 4,
2004), the First Circuit Court of Appeals held that AEDPA's
one-year limitation period "can be subject to equitable
tolling in appropriate cases." The court emphasized that
equitable tolling should be used sparingly and "is
appropriate only when circumstances beyond the petitioner's
control have prevented him from filing on time." *Id.* at 42
citing <u>Lattimore v. Dubois</u>, 311 F.3d 46, 55 (1st Cir.
2002).

The petitioner stands convicted of first degree murder
under circumstances where the Massachusetts Supreme
Judicial Court has found that, "(t)he judge delivered an
instruction that impermissibly shifted the burden of
proving an absence of provocation from the Commonwealth to
the defense." 438 Mass. 290, 297. In rejecting the
petitioner's appeal from the denial of a motion for a new
trial under the "substantial risk of a miscarriage of
justice" standard, the Supreme Judicial Court observed
that, "(h)ad he raised his current claims on direct appeal
he would have received a more deferential review as
required by statute."

Petitioner's first appeal was decided by the Supreme
Judicial Court on June 1, 1993 (415 Mass. 364). In that
first appeal the court conducted plenary review of the
record under G.L.c. 278, Section 33E and found no grounds
for relief, obviously missing the glaring unconstitutional
burden shifting jury instruction on the provocation issue.
Petitioner's trial and appellate attorneys likewise
overlooked the glaring constitutional issue and it was not
until court appointed counsel Mary T. Rogers filed the
second motion for a new trial in 2000 was the issue brought
to light. The indigent, unrepresented petitioner,
unschooled in the law, sat in state prison serving a life
sentence unable to understand a constitutional legal issue
that the full bench of the Supreme Judicial Court missed in
"plenary review." Such a circumstance surely must establish
an equitable toll on AEDPA's one-year limitation to enable
this Court the opportunity to examine Petitioner's petition
on the merits. Given the ramifications, any other
conclusion renders fundamental due process a theoretical
concept without practical application.

Respectfully submitted,
Richard Randolph, Petitioner
By his attorney,


Robert J. Wheeler, Jr.
Wheeler and O'Brien, P.C.
160 State Street, 8th Floor
Boston, Massachusetts 02109
(617) 973-5858
BBO 524410

## CERTIFICATE OF SERVICE

    I, Robert J. Wheeler, Jr., hereby certify that on this 16th day of July, 2004 I mailed a copy of the attached Motion to Vacate Order of Dismissal and For Reconsideration of Petition to:


    Dean A. Mazzone
    Assistant Attorney General
    Criminal Bureau
    One Ashburton Place
    Boston, Massachusetts 02108

            Robert J. Wheeler, Jr.